IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LAURA IRVING,

    Plaintiff,

v.                                                         C.A. No.: 5:17-cv-208

BURGER WORLD TEXAS L.L.C., and,
BURGER NATION VIII L.L.C.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAURA IRVING (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, BURGER WORLD TEXAS L.L.C., and BURGER NATION VIII L.L.C. (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## COUNT I
## UNPAID OVERTIME UNDER THE FLSA

1.     This is an action by Plaintiff against her employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, BURGER WORLD TEXAS L.L.C., and BURGER NATION VIII L.L.C., maintain offices in San Antonio, Texas, and pursuant to the Parties' written contract.

4. Plaintiff, LAURA IRVING, is an individual residing in Houston, Texas.

5. Plaintiff, LAURA IRVING, was employed by Defendants pursuant to a written contract from November 14, 2016, until January 1, 2017, as a "General Manager" at the "regular rate" of $15.73 per hour. A copy of the written contract is filed herewith as Exhibit "A."

6. Defendants, BURGER WORLD TEXAS L.L.C., and BURGER NATION VIII L.L.C., are corporations formed and existing under the laws of the state of Texas and maintain offices in San Antonio, Texas, and their primary business is the operation and management of restaurants.

7. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

8. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at

least $500,000.00.

9. At all times material to this complaint, Defendant, BURGER WORLD TEXAS L.L.C., and BURGER NATION VIII L.L.C., were individually and collectively an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendants' employees made and utilized goods that were manufactured outside of the state of Texas for use in interstate commerce.

10. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff processed debit/credit card transactions and received deliveries of goods and merchandise for use in interstate commerce.

11. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

12. With her supervisor's knowledge and consent, Plaintiff worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the

regular rate at which she was employed.

13. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

14. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

15. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

16. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

17. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

18. Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and have agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has

appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, LAURA IRVING, demands Judgment against Defendants, BURGER WORLD TEXAS L.L.C., and BURGER NATION VIII L.L.C., jointly and severally, for the following:

a. Awarding Plaintiff her compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

19. Plaintiff re-alleges and incorporates herein paragraphs 4-6, *supra*.

20. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1367(a) and

pursuant to the terms of the Parties written contract.

21. Pursuant to the written terms of the contract, Plaintiff was to be paid at the rate of $15.73 for all hours worked in a workweek up to 40 hours. After 40 hours of work in a workweek, Plaintiff was to be paid at an hourly rate of $23.60.

22. With her supervisor's knowledge and consent, Plaintiff worked numerous weeks in excess of forty hours per workweek.

23. Defendants breached the Parties' written agreement by not compensating Plaintiff for all of her hours worked at the appropriate agreed upon rate. Specifically, Plaintiff worked numerous hours in excess of 40 hours in a workweek, but was not paid the guaranteed hourly rate of $23.60 per hour for those hours.

24. As a result of Defendants' breach of the written contract, Plaintiff has been damaged.

25. Pursuant to Paragraph 9 of the Parties written contract, Plaintiff is entitled to recover her reasonable attorney's fees and costs incurred in bringing this action.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, LAURA IRVING, demands Judgment against Defendants, BURGER WORLD TEXAS L.L.C., and BURGER NATION VIII L.L.C., jointly and severally, for the following:

    e. Awarding Plaintiff her unpaid wages, compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

f.  Awarding Plaintiff pre-judgment interest as provided by law,;

g.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this March 16, 2017.

**ROSS LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**